UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD AND ANNETTE TAULBEE,

    Plaintiffs

    v.        C-1-10-422

JAMIE CARTER, *et al.*,

    Defendants

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 25), plaintiffs' objections (doc. no. 27); defendants' response (doc. no. 28) and plaintiff's Motion to Disregard Portions of Defendants' Response (doc. no. 29) which is DENIED AS MOOT considering what follows.

The Magistrate Judge concluded that the defendants are entitled to qualified immunity for claims made against them in their individual capacities and summary judgment on the official capacity claims. The Magistrate Judge also concluded that plaintiffs failed to show defendants' actions or inactions discriminated against them as adoptive

parents. The Magistrate Judge therefore recommended that summary judgment be granted in favor of defendants as to plaintiffs' federal claims and plaintiffs' state claims should be dismissed without prejudice.

## PLAINTIFFS' OBJECTIONS

Plaintiffs object to the Magistrate Judge's Report and Recommendation for the following reasons.

Judge Wehrman made factual determinations as to various issues, which determinations are improper at this stage of the proceedings. The fact that the child's medical records were in defendants' possession but withheld from plaintiffs is evidence of defendants' bad faith.

The Magistrate Judge erred concluding defendant Carver was not inexperienced because she received a bachelor of arts degree in 2004 and was hired by Child Services in 2005. She had been a caseworker for over three and one-half years at the time of the removal of the child when Ms. Carver disregarded the fact that each and every time this emotionally disturbed child made a complaint against plaintiffs, it was unsubstantiated.

In discussing the facts of the case, Judge Wehrman repeatedly states defendants' version of the facts as facts, but states plaintiffs' version of the facts in terms of "plaintiffs contend."  In so doing, it appears that the Magistrate Judge is accepting the defendants' version of the facts over plaintiffs' version. These factual determinations are improper on summary judgment and should be resolved at trial, all such as to invalidate the recommendations of the Magistrate Judge.

Plaintiffs argue that the Magistrate Judge ignored the fact that the juvenile court ruled that probable cause was lacking to remove the child from the home.  The alternate conclusion could easily have been reached by a jury, such that the Magistrate Judge should not have reached this factual conclusion based upon the evidence before it.

The Magistrate Judge erred in accepting the reversal of the abuse determination by a staff attorney with the Department; however, the same undisputedly occurred some five months after the no probable cause finding.

**The Magistrate Judge erred in finding the facts as alleged in the affidavit of Donald Taulbee and the documents attached thereto were not sufficient to support a finding of bad faith on the parts of the individual defendants and in particular on the part of defendant Carver. They elected to pursue their action against plaintiffs based upon unsubstantiated allegations of a troubled child when each of the child's prior allegations against the Taulbees had been investigated and unsubstantiated.**

**Plaintiffs argue that, at minimum, a reasonable inference may be drawn from the defendants' actions is that the finding of no probable cause by the juvenile court, coupled with the removal of all of the children from the Taulbees' home and the failure to correct the registry or reinstate the Taulbees' foster care license for over five months after the juvenile court finding is sufficient to establish malicious intent on the parts of defendants or at minimum, a lack of good faith in their dealings with the Taulbees.**

**The Magistrate Judge erred in finding that the plaintiffs have not demonstrated an equal protection claim because, as Judge Wehrman acknowledges, reasonable minds could differ as to whether the facts and circumstances justified L.T.'s removal from plaintiff's home. Accordingly, the issues of malicious intent and qualified immunity should not be resolved on summary judgment.**

**With regard to plaintiffs' claims against the defendants in their official capacity, the Magistrate Judge's reliance on** *McCabe v. Mahoning County Children Services Bd.*, **2010 WL 3326909 at \*6 (N.D. Ohio Aug. 20, 2010) is misplaced.**

**Finally, while plaintiffs disagree with the Magistrate Judge as to their state law and malicious prosecution claims, plaintiffs do not oppose the dismissal of those claims without prejudice.**

### DEFENDANTS' RESPONSE

**Defendants make the following responses to plaintiffs' objections. Plaintiffs attempt to pin liability on defendants for allegedly wrongly removing L.T. from the Taulbee household when it was the local juvenile court that issued the order for removal. Case law shows that in**

**circumstances such as these, a plaintiff must attempt to pursue the issuing court, not the investigatory agency. Because the juvenile court issued the order to remove L.T., defendants are not liable for any § 1983 violations.**

**Defendants argue that plaintiffs have failed to demonstrate why Scioto County, Ohio doing business as Scioto County Children Services (SCCS) would intentionally withhold medical information or that SCCS and its employees made any misrepresentations to plaintiffs. Because plaintiffs have no evidence showing that defendant SCCS misrepresented L.T.'s health status, or that it was somehow SCCS' obligation to provide said information, there can be no constitutional violation for any clearly established right.**

**The Magistrate Judge found no facts indicating Ms. Carver was inexperienced or lacked the proper investigatory training, as she had a B.A. in sociology and had been a caseworker for almost four (4) years at**

the time of the investigation. Nowhere do the facts indicate that Ms. Robinette went with Ms. Carver because Ms. Carver or her SCCS supervisors were concerned that Ms. Carver needed support from a more seasoned investigator.

While plaintiffs also argue that the Magistrate Judge erred when he rejected the equal protection claim, the Magistrate Judge discussed this issue in-depth, applying relevant, applicable law.

## CONCLUSION

Upon a *de novo* review of the record, especially in light of plaintiffs' objections and the record, the Court finds that plaintiffs' objections have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Magistrate Judge.

**Accordingly, the Court hereby ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation of the United States Magistrate Judge (doc. no. 25). Defendants' Motion for Summary Judgment (doc. no. 16) is GRANTED as to plaintiffs' federal claims and plaintiffs' state claims are DISMISSED WITHOUT PREJUDICE.**

**This case is TERMINATED on the docket of this Court.**

**IT IS SO ORDERED.**

                                              **s/Herman J. Weber**
                                **Herman J. Weber, Senior Judge**
                                  **United States District Court**